EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Betterecycling Corp.<br>Peticionario<br><br>v.<br><br>Autoridad de Carreteras y Transportación<br>Recurrida<br><br>R&F Asphalt Unlimited Inc., Del Valle Group SP, Desarrolladora JA, Inc., Construcciones José Carro SE, Tamrío Inc., LPC & Santiago II Corp., et al.<br>Recurridos | Certiorari<br><br>2015 TSPR 130<br><br>193 DPR ____ |

Número del Caso:    CC-2015-329


Fecha: 29 de septiembre de 2015



Abogado de la Parte Peticionaria:

        Lcdo. Rafael Vázquez González



Abogados de la Parte Recurrida:

        Lcda. Lydia M. Ramos Cruz
        Lcdo. Osvaldo Carlos Linares

 Abogada de la Parte Recurrida, Autoridad de Carreteras:

        Lcda. Giselle M. Martínez Velázquez



Materia: Resolución con Voto de Conformidad y Voto Particular Disidente


    Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Betterecycling Corp.
          Peticionario

                                                    Certiorari

          v.

     Autoridad de Carreteras y
Transportación                          CC-2015-0329
          Recurrida

     R&F Asphalt Unlimited Inc.,
Del    Valle    Group    SP,
Desarrolladora    JA,    Inc.,
Construcciones José Carro SE,
Tamrío Inc., LPC & Santiago II
Corp., et al.
          Recurridos


                         RESOLUCIÓN


     En San Juan, Puerto Rico, a  29 de septiembre
de 2015.
     Examinada la petición de *certiorari* presentada
ante esta Curia por Betterecycling Corp. el 27 de
abril de 2015 se provee no ha lugar.

     Lo   acordó   el   Tribunal   y   certifica   la
Secretaria del Tribunal Supremo. La Jueza Asociada
señora Oronoz Rodríguez emitió un voto de
conformidad al que se une la Juez Asociada señora
Rodríguez Rodríguez y el Juez Asociado señor
Martínez Torres. El Juez Asociado señor Rivera
García emitió un Voto Particular disidente al cual
se une la Jueza Asociada señora Pabón Charneco. El
Juez Asociado señor Estrella Martínez expediría.



                    María I. Colón Falcón
          Secretaria Interina del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Betterecycling Corp.
        Peticionaria

                    v.

Autoridad de Carreteras y
Transportación
        Recurrida                    CC-2015-329

                    v.

R&F Asphalt Unlimited Inc., y
otros
        Recurridos

Voto de conformidad emitido por la Jueza Asociada Oronoz Rodríguez al cual se unieron la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Martínez Torres

En San Juan, Puerto Rico, a 29 de septiembre de 2015.

Estoy conforme con la determinación de una mayoría de este Tribunal en cuanto a no expedir el recurso de epígrafe. Tras evaluar con detenimiento el tracto procesal de los hechos ante nuestra consideración estimo que no debemos atender este caso, entre otras razones, debido a que su controversia se tornó académica. Durante la tramitación judicial de este asunto surgieron cambios fácticos que tornaron en ficticia su solución. Cruz v. Administración, 164 DPR 341, 348-349 (2005). Me explico.

La Junta de Subastas de la Autoridad de Carreteras y Transportación (Autoridad de Carreteras) adjudicó a R&F Asphalt (R&F) la buena pro de una subasta para el reemplazo de varios puentes en la autopista Luis A. Ferré. Inconforme con esta determinación, Betterecycling Corp. (Betterecycling)-quien también fue licitador en la referida subasta- presentó un recurso ante el Tribunal de Apelaciones sobre impugnación de subasta. Previo a la presentación del recurso ante el foro intermedio, Betterecycling inició otro procedimiento aparte ante la Administración de Servicios Generales (ASG) en el que solicitó que R&F se eliminara del Registro Único de Licitadores.[1]

Posteriormente, el Tribunal de Apelaciones evaluó el recurso sobre impugnación de subasta y confirmó la adjudicación realizada por la Autoridad de Carreteras. El foro apelativo determinó que Betterecycling se limitó a exponer en su recurso que la ASG debió eliminar a R&F del Registro Único de Licitadores ya que dicha empresa, alegadamente, estaba siendo investigada por delitos relacionados con fraude. Por lo tanto, concluyó que le correspondía a la ASG -en el otro pleito- dirimir si R&F debía permanecer o no en el referido registro. Aclaró que este asunto <u>ya estaba siendo atendido por la ASG</u> y que si

---

[1] Argumentó que R&F negó en una declaración jurada que presentó ante la ASG que era objeto de investigación por la alegada comisión de ciertos delitos sobre fraude.

las partes estaban inconformes con la eventual adjudicación de la ASG podían presentar un recurso de revisión ante el foro intermedio. Por último, el Tribunal de Apelaciones entendió que no era el momento para atender la controversia sobre si R&F debía ser eliminado del Registro de Licitadores.

En este contexto, e inconforme con la determinación del Tribunal de Apelaciones, es que Betterecycling acude ante este Tribunal. Dentro del procedimiento de impugnación de subasta señaló como error que el foro apelativo no atendió su planteamiento sobre si R&F era un licitador hábil o responsable conforme lo requiere el Registro Único de Licitadores. Evaluados sus argumentos, le ordenamos a R&F y a la Autoridad de Carreteras que mostraran causa por la cual no debíamos expedir el auto y revocar la determinación del foro intermedio. Así las cosas, compareció la Autoridad de Carreteras y nos informó que anuló la subasta objeto de este recurso.[2] Tras suscitarse ese hecho, el recurso sobre impugnación de subasta presentado por Betterecycling se convirtió en académico.

Es una norma firmemente establecida que los tribunales sólo deben atender controversias genuinas cuya solución afecte las relaciones jurídicas entre las partes. Estado Libre Asociado de P.R. v. Aguayo, 80 DPR 552, 559 (1958).

---

[2] *Moción Informativa y en Solicitud de Desestimación y Archivo del caso por Académico* presentada por la Autoridad de Carreteras.

Así, un pleito se convierte en académico cuando su solución no tendrá efectos prácticos sobre las partes. Cruz v. Administración, supra, pág. 349; Com. de la Mujer v. Srio. de Justicia, 109 DPR 715, 724-725 (1980). Una vez se determina que un caso se tornó académico los tribunales deben abstenerse de considerarlo en sus méritos. Íd. Sin embargo, hemos establecido varias excepciones que permiten la consideración de una controversia aun cuando se tornó académica, a saber: cuando la situación de hechos fue modificada por el demandado pero no tiene características de permanencia, cuando se plantea una cuestión recurrente o cuando subsisten consecuencias colaterales relevantes. Íd.

En el presente caso, es evidente que la controversia ante nuestra consideración se convirtió en académica. Betterecycling impugnó la adjudicación de la subasta a R&F y, estando dicho pleito ante nuestra consideración, la Autoridad de Carreteras, *motu proprio*, anuló la referida adjudicación. Coincido plenamente en que los procesos de subasta están revestidos del más alto interés público y que debemos proteger los recursos económicos del Pueblo de Puerto Rico. Costa Azul v. Comisión, 170 DPR 847, 854 (2007). Sin embargo, no puedo estar de acuerdo con atender una controversia en clara contravención a normas arraigadas en nuestro ordenamiento que sirven de garantía para el ejercicio adecuado de nuestro poder. Al anularse

la subasta impugnada no hay interés ni sana administración pública que salvaguardar.

Asimismo, considero que no nos encontramos ante alguna excepción que nos permita evaluar el asunto. El hecho de que la Autoridad de Carreteras anulara la subasta en cuestión, por sí solo, no significa que estamos ante una situación o controversia que evada la revisión judicial. Por el contrario, nos encontramos ante una actuación con características de permanencia. Por otra parte, los argumentos están faltos de prueba sobre si la controversia particular del caso de autos ocurre o no con frecuencia. Más bien parecería ser una situación atípica en la que dos partes están dilucidando controversias distintas, pero relacionadas, en múltiples foros.[3]

Finalmente, la controversia relacionada a si R&F puede ser parte del Registro Único de Licitadores le compete atenderla en primera instancia a la ASG y posteriormente al

---

[3] Entiendo pertinente hacer constar varios señalamientos en cuanto al caso que el Juez Asociado señor Rivera García citó en la nota al calce número 9 de su Voto Particular Disidente. En primer lugar, dicho caso fue presentado en este Tribunal, pero no ha sido evaluado por el Pleno para determinar si procede o no su expedición. De hecho, ni siquiera ha sido discutido en alguna de las salas de despacho. Ante ello, me parece extremadamente prematuro indicar que se relaciona en algún aspecto al caso de epígrafe. De otra parte, aun si para fines de argumentación fuera correcto que la alegada controversia del caso citado por el compañero Juez se relaciona al presente recurso, ello por sí solo no supera el obstáculo que nos impone la doctrina de academicidad.

Tribunal de Apelaciones. Con gran probabilidad, en su momento, este Tribunal tendrá la oportunidad de expresarse al respecto. Me parece que atender dicho asunto a destiempo es una intromisión indebida con el curso ordinario que, como regla general, deben seguir los litigios, así como con el proceso de revisión judicial. Resulta preocupante que aun cuando esta controversia sea académica y no se cumplan los criterios excepcionales para que podamos considerarla, algunos miembros de este Tribunal entiendan que procede expedir el caso para pautar una norma que a todas luces equivaldría a una opinión consultiva, sin ningún tipo de efecto práctico sobre las partes. Por todo ello, considero que procede actuar conforme a las normas de justiciabilidad y al ejercicio prudente de nuestro poder para resolver las controversias, de manera que continuemos fomentando la confianza en nuestro sistema de justicia.


                              Maite D. Oronoz Rodríguez
                                    Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Betterecycling Corp.
          Peticionario

                    v.

Autoridad de Carreteras y
Transportación
               Recurrida

R&F Asphalt Unlimited Inc., Del
Valle Group SP, Desarrolladora
JA, Inc., Construcciones José
Carro SE, Tamrío Inc., LPC &
Santiago II Corp., Constructora I
Meléndez SE, Ferrovial Agromán
LLC y RBC Construction Corp.
               Recurridos

CC-2015-0329

**Voto particular disidente emitido por el Juez Asociado Señor Rivera García al que se une la Jueza Asociada señora Pabón Charneco.**

En San Juan, Puerto Rico, a 29 de septiembre de 2015.

Luego de evaluar las comparecencias de las partes, así como el expediente del caso en su totalidad, **disiento** de la Resolución que antecede. En su lugar, expediría el recurso de *certiorari* para dirimir cómo se deben atender denuncias relacionadas a un aparente fraude, que se presenten en torno a un licitador a quien una agencia gubernamental le adjudicó una subasta.

A continuación, expondré un breve recuento de los procedimientos acaecidos en este caso.

La Autoridad de Carreteras y Transportación (ACT) adjudicó el 3 de febrero de 2015 la subasta número P-15-07 a favor de R&F Asphalt Unlimited Inc. (R&F). Inconforme con esta adjudicación, Betterecycling Corp. (Betterecycling) –quien también participó como licitador en ese procedimiento- presentó ante la agencia un escrito titulado *Moción de reconsideración*.[4] A pesar de que Betterecycling presentó esa moción dentro de un proceso para impugnar la adjudicación de la subasta, los remedios que solicitó pueden agruparse en dos categorías. Veamos.

Por un lado, Betterecycling argumentó que la subasta tenía que anularse porque, a su juicio, R&F no era un licitador hábil ya que había presentado ante la Administración de Servicios Generales (ASG) declaraciones juradas presuntamente falsas, en contravención al Art. 7 de la Ley Núm. 458-2000, 3 LPRA sec. 928f. Este estatuto le exige a toda persona natural o jurídica que interese participar como licitador en subastas públicas notificar si ha sido objeto de investigaciones criminales, civiles o administrativas en cualquier país y en su parte pertinente, preceptúa como sigue:

> […]toda persona natural o jurídica que desee participar de la adjudicación de una subasta o el otorgamiento de contrato alguno con cualquier agencia o instrumentalidad gubernamental, corporación pública o municipio para la realización de servicios o la venta o entrega de bienes, someterá una declaración jurada ante notario público donde informará si ha sido convicta o se ha declarado culpable de cualquiera

---

[4] Véase, <u>Moción de Reconsideración</u>, Apéndice de la petición de *certiorari*, pág. 25.

de los delitos enumerados en la sec. 928b de este título, o si se encuentra bajo investigación en cualquier procedimiento legislativo, judicial o administrativo, ya sea en Puerto Rico, Estados Unidos de América o cualquier otro país, para poder participar en la adjudicación [u] otorgamiento de cualquier subasta o contrato, respectivamente. Si la información fuere en la afirmativa, deberá especificar los delitos por los cuales fue hallado culpable o hizo la alegación de culpabilidad. 3 LPRA sec. 928f.

Amparándose en esa disposición, Betterecycling sostuvo que la ACT debía anular la subasta y que procedía eliminar a R&F y a sus compañías afiliadas del Registro Único de Licitadores (RUL) de manera que quedaran inhabilitados de realizar negocios con el Gobierno de Puerto Rico. Cabe mencionar que el RUL es el registro electrónico que contiene los nombres, direcciones y toda información requerida por ley sobre las personas naturales o jurídicas cualificadas por la ASG para contratar con el Gobierno de Puerto Rico. 3 LPRA Ap. XIX sec. 4(t). Fue mediante el Plan de Reorganización de la Administración de Servicios Generales (ASG) de 2011 que se le delegó a dicha agencia el deber de administrar el RUL. 3 LPRA Ap. XIX sec. 39. Además, conforme al Reglamento Núm. 8182 de 20 de abril de 2012 promulgado por la ASG, es ante esta dependencia que los potenciales licitadores deben presentar toda la documentación necesaria para pertenecer al RUL y, como consecuencia, poder licitar con el gobierno.[5] Como vemos,

---

[5] El 25 de febrero de 2015, dentro de otro proceso que se llevó a cabo ante la ASG, la compañía Robles Asphalt, quien presuntamente está afiliada a R&F, fue eliminada del Registro Único de Licitadores (RUL). Según surge del expediente, para noviembre de 2014 otra compañía denominada Betteroads Asphalt Inc. presentó ante esa dependencia una solicitud para que Robles Asphalt y todas las corporaciones

estas contenciones iban dirigidas a impugnar la subasta ante el aparente incumplimiento de R&F con uno de los requisitos que exige la ley para que pudiera contratar con el Gobierno.

Ahora bien, Betterecycling **también planteó que estaba denunciando la situación presuntamente fraudulenta en virtud de las disposiciones del Art. 5(h) del** *Código de Ética para Contratistas, Suplidores y Solicitantes de incentivos económicos ante las agencias del Estado Libre Asociado de Puerto Rico*, 3 LPRA sec. 1756 (h).[6] Ese precepto establece que **toda persona está obligada a denunciar actos que estén en violación al Código de Ética y que constituyan corrupción o delitos de fraude,** de los

relacionadas a esta –entre las cuales se encontraba R&F- fueran eliminadas del referido registro. En esa Resolución de 25 de febrero la agencia consignó que Robles Asphalt declaró bajo juramento que no estaba siendo investigada en alguno de los foros que señala el Art. 7 de la Ley Núm. 458-2000, *supra*, a pesar de que conocía que tanto esa compañía, como R&F y uno de sus oficiales sí fueron objeto de investigaciones. Véase, *Resolución en Reconsideración*, Apéndice de la *Moción solicitando que se tome conocimiento judicial*, pág. 95. En específico, la agencia expresó lo siguiente:

> De un examen de este licitador ante el RUL se desprende que tanto el 31 de julio de 2014 como el 27 de febrero de 2015 Robles Asphalt presentó declaraciones juradas en las que negó que la compañía o alguno de sus oficiales estuvieren bajo investigación en cualquier procedimiento legislativo, judicial o administrativo, ya sea en Puerto Rico, Estados Unidos de América o cualquier otro país. No obstante, el hecho de que el 18 de marzo de 2015 R&F, empresa subsidiaria de Robles Asphalt y el Secretario de R&F Juan Raúl Robles Rivera, quien también es oficial de Robles Asphalt, suscribieran un Acuerdo de Transacción con la Fiscalía Federal, sólo 19 días después de que Robles Asphalt presentara su declaración jurada ante nos donde no informó si se encontraba bajo investigación en alguno de los foros que detalla el Art. 7 de la Ley 458, *supra,* nos mueve a concluir que tanto al emitir la declaración jurada del 31 de julio de 2014 como la del 27 de febrero de 2015, Robles Asphalt tenía conocimiento de que estaba siendo investigado, pero intencionalmente dejó de informarlo bajo juramento. Id., págs. 106-107.

[6] Ley Núm.84-2002.

que tenga propio y personal conocimiento y que se relacionen con algún negocio, contrato o transacción entre el Gobierno y un contratista. Añadió que según el Art. 7 de esa legislación, 3 LPRA sec. 1758, la ACT tenía el deber de investigar ese asunto. Sobre esto, Beterecycling peticionó en su moción de reconsideración que la ACT: (1) investigara la situación denunciada y (2) que rescindiera toda contratación vigente con dichas empresas según establecido en el Código de Ética.[7]

Surge del expediente que la ACT no tomó determinación alguna respecto a la moción que presentó Betterrecycling. Ante ello, esta compañía acudió al Tribunal de Apelaciones mediante un recurso de revisión judicial que presentó el 23 de febrero de 2015.[8] Entre otras cosas, señaló que la ACT había errado al procurar la compra de bienes con una empresa que violó el Código de Ética y al negarse a investigar las denuncias que Betterecycling formuló ante la agencia respecto a esas presuntas violaciones. Ante ello, solicitó que se le ordenara a la ACT anular la subasta y cumplir con su deber ministerial de investigar tales denuncias.

Poco tiempo después, el 26 de marzo de 2015, el foro apelativo intermedio emitió la sentencia objeto de este recurso en la que confirmó la adjudicación de la subasta de la ACT. Concluyó que ese no era el foro, el momento ni

---

[7] Véase, *Moción de reconsideración*, Apéndice de la petición de *certiorari*, pág. 33.

[8] Véase, *Solicitud de revisión*, Id., en la pág. 1.

el recurso apropiado para dilucidar las alegaciones que Betterecycling presentó contra R&F. Esto, en cuanto a que no le correspondía dirimir si procedía que se anulara la subasta por el hecho de que R&F hubiera suscrito declaraciones juradas presuntamente falsas ante la ASG. En específico, resolvió que le competía a la ASG y no al Tribunal Apelativo (dentro de ese proceso de impugnación de subasta) resolver si R&F debía permanecer en el RUL como licitador. Sin embargo, **nada dispuso en torno al resto de las alegaciones de Betterecycling relacionadas a que la ACT tenía el deber, conforme al Código de Ética para Suplidores y Contratistas, supra, de investigar las aparentes violaciones éticas en las que incurrió R&F**.

En el contexto de estos eventos procesales, el 27 de abril de 2015 Betterecycling presentó ante esta Curia un auto de *certiorari* y posteriormente una moción en auxilio de jurisdicción. Señaló que el Tribunal de Apelaciones erró al determinar que no tenía jurisdicción "para entender en un proceso de impugnación de subasta que concierne exclusivamente el planteamiento que el licitador agraciado no es un licitador hábil o responsable".[9] Uno de sus argumentos es que el foro apelativo intermedio incidió al entender que la ASG es la única entidad autorizada a atender planteamientos relacionados a violaciones a la Ley Núm. 458, *supra*, y al Código de Ética. Tras estudiar las referidas peticiones, emitimos una Resolución el 1 de

---

[9] Solicitud de *certiorari*, pág. 11.

junio de 2015 ordenándole a R&F Asphalt Unlimited Inc. (R&F) y a la ACT que mostraran causa por la cual no debíamos expedir el auto de *certiorari* para revocar al foro apelativo intermedio. Así también, ordenamos paralizar los procedimientos y toda gestión de compra relacionada con la subasta objeto de este recurso. En cumplimiento con nuestra orden, las partes comparecieron a expresar sus respectivas posturas.

La ACT compareció el 22 de junio de 2015 e informó que estaba en proceso de anular la subasta una vez contaran con la anuencia expresa de la Administración Federal de Autopistas (AFA).[10] Consiguientemente, el 15 de julio de 2015, acudió ante nos nuevamente mediante una *Moción informativa y en solicitud de desestimación y archivo del caso por académico*. En su escrito indicó que la ACT había anulado la subasta en controversia por razón de que la AFA determinó que R&F y su presidente, el Sr. Raúl Robles, eran preliminarmente inelegibles para contratar con agencias federales por desplegar falta de honestidad en sus negocios. En vista de que ya se había anulado la subasta, solicitó que se archivara el caso por ser académico. Así también, R&F presentó su moción mostrando causa y en oposición a la petición de *certiorari*. Expuso, en parte, que como el Tribunal de Apelaciones ya se encontraba evaluando en los méritos un recurso relacionado a la descalificación de la compañía Robles Asphalt del

---

[10] El referido consentimiento era necesario ya que los trabajos se financiarían con dinero proveniente del gobierno federal.

RUL, expedir el caso resultaría en triplicar los procedimientos para un mismo asunto.[11]

Luego de examinar las posturas y contenciones de las partes, es mi criterio que **independientemente de que la ACT decidiera anular la subasta que dio origen a este recurso, aún persisten controversias vivas en este caso que no dependen directa ni indirectamente de la vigencia de dicha subasta** y que por lo tanto, ameritan nuestra atención y consideración.

De primera intención, al examinar los escritos que Betterecycling presentó ante la ACT, el Tribunal de Apelaciones y este Tribunal, podría desprenderse que este caso trata simple y llanamente de un proceso de impugnación de subasta. En ese escenario, sería bastante evidente arribar a la conclusión de que, debido a la anulación de la subasta, el *certiorari* se habría tornado académico. Así lo concluye en su Voto de Conformidad la Jueza Asociada señora Oronoz Rodríguez, quien entiende que todas las controversias de este recurso murieron con la cancelación de la referida subasta. Ahora bien, tal conclusión hubiese sido correcta si todos los remedios

---

[11] Así también, presentó una *Urgente moción en solicitud de orden para mostrar causa* requiriendo que le ordenáramos a la ACT mostrar causa por la cual no se le debía encontrar incursa en desacato por dejar sin efecto la subasta, aun cuando emitimos una orden de paralizar los procedimientos y toda gestión de compra relacionada con esta. En cuanto a este asunto, la ACT presentó un escrito titulado *Oposición a Urgente moción en solicitud de orden para mostrar causa*. Planteó que la ACT anuló la subasta conforme a las disposiciones del Reglamento de Subastas de la ACT, que le permite hacerlo antes de que se perfeccione el contrato correspondiente. Ante dichas alegaciones, R&F presentó un escrito de réplica aduciendo que, presuntamente, el contrato entre esa compañía y la ACT sí se formalizó.

solicitados por Beterecycling estuvieran directamente relacionados a la adjudicación de la subasta, lo cual evidentemente **no es así**. Veamos esto en detalle.

Dentro del proceso de impugnación de subasta Betterecycling también solicitó que la ACT investigara posibles actuaciones fraudulentas de una corporación con quien estaba contratando y **exigió que esa agencia cumpliera con ciertos deberes que le impone el Código de Ética** cuando se presentan esos tipos de denuncias. Esas controversias, las cuales estaban inmersas dentro de un proceso de impugnación de subasta, no dejaron de existir por el hecho de que se anulara la subasta adjudicada a favor de R&F. Por lo tanto, el hecho de que la ACT procediera de esa manera no debió operar como impedimento para que este tribunal expidiera el recurso.

Por otro lado, sabemos que la expedición de un auto de *certiorari* es un ejercicio enteramente discrecional. Empero, tal y como recalqué recientemente en el Voto Particular disidente que emití en Pueblo v. Serrano Chang, 2015 TSPR 102, 193 DPR ___, esa discreción no opera en un vacío. Máxime, **cuando la norma que se debe atender o pautar es importante para el interés público.** Como es de conocimiento, los procedimientos de contratación con el Gobierno se llevan a cabo con mucha frecuencia en las distintas agencias gubernamentales mediante subastas. Debido a que ello conlleva el desembolso de fondos públicos, estos procedimientos están revestidos de un **gran**

**interés público**. <u>Costa Azul v. Comisión</u>, 170 DPR 847, 854 (2007). Es por eso que "la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en **proteger los fondos del pueblo de Puerto Rico**". (Énfasis nuestro). Id.

En cuanto al recurso de título, la procedencia o improcedencia de lo que Betterecycling solicitó ante la ACT, así como la idoneidad del mecanismo procesal que utilizó para ello, eran asuntos altamente importantes sobre los cuales esta Curia debió expresarse. Este Tribunal tenía ante sí la oportunidad de evaluar la responsabilidad de cada agencia administrativa dentro de los procedimientos de adjudicaciones de subastas, a la luz de la nueva legislación que estableció que la ASG sería la entidad encargada de administrar el RUL. Todo esto, en unión a las responsabilidades que impone el Código de Ética para Suplidores y Contratistas, supra. En vista del interés público que reviste todo lo relacionado a la contratación y compra de bienes y servicios con fondos públicos, era ineludible que este Tribunal se expresara sobre cómo proceder ante alegaciones relacionadas a que la persona natural o jurídica con quien habrá de contratar el gobierno ha incurrido en actuaciones presuntamente fraudulentas.[12]

---

[12] La Jueza Asociada señora Oronoz Rodríguez expone en su voto de conformidad que los argumentos presentados en este caso están faltos de prueba que apunte a que esta controversia es una que ocurra con

En resumen, es mi criterio que el hecho de que la ACT anuló la subasta no afectó la jurisdicción de este Tribunal para atender el resto de las controversias inmersas en recurso de título, según he discutido. Por ello, y debido al alto interés público que reviste a este caso, me veo obligado a disentir de la Resolución que hoy emite este Tribunal en la que deniega la expedición del *certiorari* peticionado. En consideración a ello, expediría el recurso para pautar la norma que debe aplicar a situaciones como las acontecidas en este caso.

                              Edgardo Rivera García
                              Juez Asociado

---

frecuencia. Esto, como parte de su análisis para concluir que este caso se tornó académico. Como ya mencioné, mi contención es que este recurso **contiene controversias vivas que no dependen de la subasta que se adjudicó, sino que más bien se circunscriben a analizar el deber que tenía la ACT de atender ciertos planteamientos a la luz de las disposiciones del Código de Ética para Suplidores y Contratistas**, supra. Por lo tanto, entiendo innecesario entrar a considerar argumentos que sostengan la posible aplicación de alguna de las excepciones a la doctrina de academicidad. Sin embargo, aprovecho la coyuntura para destacar que el interés público que reviste esta controversia es evidente. Tan reciente como el pasado 23 de junio de 2015 se presentó ante este Tribunal el recurso de *certiorari* CC-15-0527, Betteroads Alphalt LLC v. Departamento de Transportación y Obras Públicas y otros, en el que precisamente se plantea que una agencia gubernamental erró al denegar atender ciertos reclamos relacionados a que un licitador agraciado había cometido fraude al mentir en la certificación que presentó ante el RUL. Al igual como ocurrió en el recurso de título, el Tribunal de Apelaciones resolvió mediante sentencia que el Departamento de Transportación y Obras Públicas de Puerto Roco, agencia que había adjudicado la subasta, no tenía jurisdicción para pasar juicio sobre ese tipo de alegaciones.